## James White and William J. Brown, Executors, Appellants, v. John S. Lewis, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Christian county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 13, 1915.

### Statement of the Case.

Final report in settlement of an estate filed by James White and William J. Brown, executors of the estate of Eliza J. Lewis, deceased. Objections thereto filed by John S. Lewis. From an order approving the report and ordering distribution, John S. Lewis appealed to the Circuit Court, and from an order of that court, sustaining some objections and overruling others and ordering the executors to restate the account, the executors appeal.

TAYLOR & TAYLOR, for appellants.

GEORGE T. WALLACE, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. WITNESSES, § 218*—*when cross-examination of party proper.* Where an objector to executors' accounts was examined as a witness on behalf of the executors as to what occurred when he gave a certain note to the testatrix, cross-examination, by his counsel, as to whether the testatrix assented to the surrender to him of one of his notes, *held* proper, as the executors had made him their witness as to such matter, but that the question was objectionable in form as calling for a conclusion.

2. EXECUTORS AND ADMINISTRATORS, § 92*—*when proceedings by citation not exclusive remedy to obtain note owed estate.* On a hearing in the Circuit Court on appeal from an order entered in the County Court in proceedings on objections to an executors' report, *held* that the executors could require the objector, who was in court and had possession of a note, the amount of which they claimed he owed the estate, to produce such note in evidence without filing an affidavit, and citing him in accordance with section 81 of the Administration Act (J. & A. ¶ 130).

3. EXECUTORS AND ADMINISTRATORS, § 359*—*when executor may deduct amount of note due estate from distributee's share.* In proceedings on objections to an executors' report, an objector's contentions that an executor has no right to deduct from the amount due a distributee any sum that may be due from the distributee to the estate, and that the statute of limitations was a defense to a note against the estate claimed to be due it, of which estate he was a distributee, *held* untenable on the facts.

4. EXECUTORS AND ADMINISTRATORS, § 532*—*when executors properly not charged with interest.* Where a delay by executors in filing their report was caused by an objector thereto, in not paying a claim he owed the estate, *held* that the executors were properly not charged with interest.

5. EXECUTORS AND ADMINISTRATORS, § 561*—*when allowance to executors for settling estate not excessive.* An allowance of $700 to executors in settling an estate amounting to $21,000, *held* proper.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.